JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Marlon Landingham ("Landingham") appeals his conviction after a jury trial in the Cuyahoga County Court of Common Pleas. Finding no error in the proceedings below, we affirm. We first note the parties filed a joint motion to waive the oral argument. This motion is granted without objection.
 {¶ 2} The following facts give rise to this appeal. On October 30, 2003, at approximately 10:00 p.m., Cleveland police detectives Hutchinson, Kanzig, and Graves conducted a buy-bust operation for crack cocaine at the Gas USA station located at the intersection of Clark Road and Scranton Avenue in the city of Cleveland.
 {¶ 3} Detective Hutchinson was positioned at the gas station, pretending to buy gas while conducting surveillance. Detective Kanzig dropped off the buyer, a confidential reliable informant ("CRI"), at the gas station, parked down the street and waited for the CRI to return. The CRI positioned himself near the pay phones located in the parking lot. Meanwhile, Detective Graves patrolled the area in an undercover vehicle.
 {¶ 4} Landingham and Willy Emmanuel ("Emmanuel") were observed walking together north on Scranton Avenue toward the gas station but across the street. Landingham then crossed the street and approached the CRI. After a brief conversation, Landingham waved Emmanuel over. Emmanuel crossed the street and made a hand-to-hand transaction with the CRI while Landingham kept watch. The sale was made within 1000 feet of a schoolyard.
 {¶ 5} After the buy, the CRI removed his hat, which was the prearranged signal, walked to Detective Kanzig's car and turned over the crack cocaine. Landingham and Emmanuel were arrested on the scene. Emmanuel was in possession of the prerecorded buy-money issued to the CRI to buy the crack cocaine.
 {¶ 6} Landingham and Emmanuel were indicted in a three-count indictment. Count one charged drug trafficking (sell or offer to sell) with a schoolyard specification in violation of R.C. 2925.03, a felony of the fourth degree. Count two charged drug trafficking (preparation for sale) with a schoolyard specification in violation of R.C. 2925.03, a felony of the fourth degree. Count three charged possession of drugs in violation of R.C. 2925.11, a felony of the fifth degree.
 {¶ 7} Emmanuel pled guilty to drug trafficking without the schoolyard specification and testified against Landingham. At trial, Landingham was found guilty of two counts of drug trafficking with the schoolyard specifications and not guilty of possession of drugs. Landingham appeals, advancing two assignments of error for our review.
 {¶ 8} "I. The trial court erred in denying appellant's motion for acquittal as to the charges when the state failed to present sufficient evidence that appellant was involved in and/or knowingly committed these crimes."
 {¶ 9} Landingham argues that there is no evidence he is guilty of anything other than being in the wrong place at the wrong time and that the court should have granted his motion for acquittal pursuant to Crim.R. 29(A). The state insists that the evidence revealed that Landingham facilitated the drug deal and was a lookout for Emmanuel and thus he is guilty of drug trafficking.
 {¶ 10} Crim.R. 29(A) governs motions for acquittal and provides for a judgment of acquittal "if the evidence is insufficient to sustain a conviction * * *." The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. A verdict will not be disturbed on appeal unless reasonable minds could not reach the conclusion reached by the trier of fact. Id. In essence, sufficiency is a test of adequacy. Statev. Thompkins (1997), 78 Ohio St.3d 380, 386-387.
 {¶ 11} "Aiding and abetting contains two basic elements: an act on the part of the defendant contributing to the execution of a crime and the intent to aid in its commission. Both direct and circumstantial evidence may be introduced to establish the aiding and abetting elements of complicity. Mere presence during the commission of the crime, however, does not necessarily amount to being an accomplice. Indeed, `mere approval or acquiescence, without expressed concurrence or the doing of something to contribute to an unlawful act, is not an aiding or abetting of the act.' Being present during the commission of a crime, absent some preceding connection with the transaction or conspiracy is not aiding and abetting." State v. Peavy, Cuyahoga App. No. 80480, 2002-Ohio-5067 (internal citations omitted). However, criminal intent can be inferred from an accused's presence, companionship and conduct both before and after the offense. State v. Miller, Cuyahoga App. No. 81608, 2003-Ohio-1168, citing State v. Cartellone (1981), 3 Ohio App.3d 145.
 {¶ 12} We find unpersuasive Landingham's argument that his situation is identical to the defendant in State v. Miller, Cuyahoga App. No. 81608, 2003-Ohio-1168. In Miller, the trafficking alleged at trial consisted of the co-defendant responding to the CRI's page and offering to sell a specific amount of crack cocaine. Id. Miller was in the car with the co-defendant where the sale was supposed to take place; however, the actual sale never took place. Id. The only evidence against Miller was that he was present in the car at the drop-off location and that he was scanning the parking lot. Id. This court indicated that, at best, the state presented evidence of attempted trafficking against Miller, but no attempt was alleged by the state or found by the jury. Id.
 {¶ 13} Here, the evidence showed that Landingham and Emmanuel decided to sell drugs that evening because they needed money. Both walked up the street to the gas station, and Landingham approached the CRI first and then waved Emmanuel over. Landingham then kept watch while the sale was made between Emmanuel and the CRI.
 {¶ 14} A defendant charged with an offense may be convicted of that offense upon proof that he was complicit in its commission. See R.C.2923.03. Complicity or aiding and abetting may be established by overt acts of assistance such as driving a getaway car or serving as a lookout. Cartellone, 3 Ohio App.3d at 150. The evidence was sufficient to establish that Landingham aided and abetted Emmanuel's sale of drugs.
 {¶ 15} Landingham's first assignment of error is overruled.
 {¶ 16} "II. Appellant's conviction is against the manifest weight of the evidence."
 {¶ 17} When reviewing a claim challenging the manifest weight of the evidence, we are directed as follows: "`The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" State v. Thompkins, 78 Ohio St.3d at 387, quoting Statev. Martin (1983), 20 Ohio App.3d 172, 175. A reviewing court will not reverse a verdict where the trier of fact could reasonably conclude from substantial evidence that the prosecution proved the offense beyond a reasonable doubt. State v. Eley (1978), 56 Ohio St.2d 169. Furthermore, the power to reverse a judgment of conviction as against the manifest weight must be exercised with caution and in only the rare case in which the evidence weighs heavily against the conviction. State v. Martin,20 Ohio App.3d 172, 175.
 {¶ 18} After reviewing the entire record, we cannot say that the jury clearly lost its way.
 {¶ 19} Landingham's second assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Ann Dyke, P.J., and Cooney, J., Concur.