**[Cite as *State v. Ward*, 2022-Ohio-3899.]**

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210655 |
| | | TRIAL NO. 20CRB-19443 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| ANTHONY WARD, | : | |
| | | *O P I N I O N.* |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: November 2, 2022

*Emily Smart Woerner*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Victoria L. Lowry*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David H. Hoffmann,* Assistant Public Defender, for Defendant-Appellant.

**ZAYAS, Presiding Judge.**

{¶1}    After a bench trial, Anthony Ward was convicted of aiding and abetting the unnamed principal in stealing two car transmissions from Terrence Deters. In one assignment of error, Ward challenges the sufficiency and manifest weight of the evidence supporting his conviction. For the following reasons, we affirm the judgment of the trial court.

## Factual Background

{¶2}    Anthony Ward was charged with aiding and abetting the theft of two transmissions. At trial, Terrence Deters testified that he owned a funeral home at the corner of West 8th Street and Kreis Lane. His home is located between the funeral home and his garage. About a month earlier, a driver had had a medical emergency and crashed through the front of his garage, damaging the back wall of the garage. Until the wall was repaired, Deters had attached caution tape from both corners of the garage to the fence. Deters had two Chrysler 727 Torq Flight automatic transmissions behind the garage.

{¶3}    On September 10th, Deters attended his sister's funeral. When he returned, the transmissions were gone. Deters had 16 cameras on the property. When he discovered that his transmissions were missing, he reviewed the footage from two cameras located on the corner of the garage. One camera showed a van pulling onto his lot with the license plate clearly visible. The second camera showed a man getting out of the passenger's seat and putting both transmissions into the van. Both videos were played.

{¶4}    Detective James Adams was assigned to investigate the theft. After obtaining the videos from Deters, Adams checked the license plate with the Bureau of

Motor Vehicles and learned the van was registered to Anthony Ward. Adams obtained Ward's address and went to his home to speak with him. Adams showed Ward photos that he had printed out from the video, and Ward acknowledged that he drove the van to the funeral home. Ward told Adams that after he left the funeral home, he drove to Garden Street Metal, "a scrap metal place," to sell the transmissions. The passenger paid Ward $10 for driving him to the funeral home and the "scrap metal place." When asked the identification of the passenger, Ward did not tell Adams the passenger's name or phone number.

{¶5} Adams went to Garden Street Metal, but the transmissions had not been sold there. Ward provided the names of other scrap yards where they may have been sold, but Adams could not determine where the transmissions were sold. Adams was unable to identify the passenger.

{¶6} After Adams's testimony, the state rested. Ward testified on his own behalf. Ward testified that he operated as a bootleg cab driver. On the day of the theft, he had driven a fare to the funeral home and a junk yard. The passenger was supposed to pay him $20, but Ward only received $10 because the passenger was paid less money than expected for the transmissions.

{¶7} Ward first met the passenger a few days before giving him a ride when he was talking to a girl he knew. Ward saw him on Warsaw Avenue and Enright, and he offered Ward $20 to drive him, and Ward agreed. Ward admitted that he did not have permission to take the transmissions, but testified that the passenger claimed to have permission. Ward further testified that he did not know the passenger was stealing the property.

{¶8} The trial court found him guilty "of helping this guy steal from Mr.

3

Deters. I mean, it's clear what's going on." Ward now appeals challenging the sufficiency and manifest weight of the evidence supporting his conviction because the state failed to prove he acted with the required culpability or that he aided and abetted the principal.

### Sufficiency and Manifest Weight

{¶9} In reviewing a challenge to the sufficiency of the evidence, a reviewing court must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime had been proved beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶10} When considering a challenge to the weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). We afford substantial deference to credibility determinations because the factfinder sees and hears the witnesses. *See State v. Glover*, 1st Dist. Hamilton No. C-180572, 2019-Ohio-5211, ¶ 30.

{¶11} Ward was convicted of complicity to commit theft. R.C. 2923.03(A)(2) governs complicity, providing that "[n]o person, acting with the kind of culpability required for the commission of an offense, shall * * * [a]id or abet another in committing the offense[.]" "Complicity or aiding and abetting may be established by overt acts of assistance such as driving a getaway car." *State v. Landingham*, 8th Dist. Cuyahoga No. 84715, 2005-Ohio-621, ¶ 14. To prove complicity to commit theft, the

4

state was required to produce evidence that Ward knowingly aided and abetted the unknown male in committing the theft of the transmissions. *See State v. Hill*, 11th Dist. Ashtabula No. 2005-A-0010, 2016-Ohio-1166, ¶ 23.

{¶12} "Knowingly" is defined as follows: "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B). Criminal intent may be inferred from the circumstances surrounding the crime, including "the presence, companionship, and conduct [of the defendant] before and after the offense is committed." *State v. Smith*, 1st Dist. Hamilton No. C-180227, 2020-Ohio-649, ¶ 30, quoting *State v. Johnson*, 93 Ohio St.3d 240, 754 N.E.2d 796 (2001). Mere presence of an accused at the scene of the crime is not sufficient to prove aiding and abetting. *Id.*

{¶13} Ward asserts that the evidence does not establish that he knew the passenger was stealing the transmissions or that he aided or abetted the passenger. He argues that he never left the van to take the transmissions and was merely providing transportation as a bootleg cab driver.

{¶14} Here, the evidence indicates that Ward drove the passenger to a property with a funeral home, residential home, and a garage. The garage was next to the home, and there is no evidence to suggest that the passenger lived in the home. When instructed by the passenger, Ward drove closer to the garage so the passenger had a shorter distance to carry the transmissions. Immediately after the transmissions were taken, Ward drove the passenger to a scrap yard to sell the transmissions. Ward was paid from the proceeds of the sale of the transmissions. Viewing the evidence in

a light most favorable to the state, we cannot say that the state presented insufficient evidence to support that Ward aided and abetted the passenger in committing the theft by driving the getaway car. The evidence was enough for the fact finder to conclude that Ward acted knowingly to deprive Deters of his property, based on his presence at the scene, coupled with his conduct.

{¶15} In finding Ward guilty, the trial court determined that his testimony was not credible. Because credibility is an issue for the trier of fact to resolve, we cannot say that the court clearly lost its way and created a manifest miscarriage of justice.

{¶16} We overrule the assignment of error.

### Conclusion

{¶17} Having overruled Ward's sole assignment of error, we affirm the trial court's judgment.

Judgment affirmed.

**BERGERON** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its own entry this date.